UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROSALIND ZOBLOTSKY and HAROLD ZOBLOTSKY | CIVIL ACTION |
| VERSUS | NO: 03-2957 |
| TENET CHOICES, INC., ET AL. | SECTION: "J" (3) |

**ORDER AND REASONS**

Before the Court is Defendant Giuffria, Inc. d/b/a Chateau Drugs' ("Chateau") Motion to Dismiss For Failure to State a Claim upon Which Relief Can Be Granted (Rec. Doc. 115). For the reasons indicated below, Chateau's motion is **GRANTED**.

**BACKGROUND**

Plaintiff contends that following her kidney transplant, her doctor prescribed that she take a drug known as Gengraf. On July 15, 2003, Plaintiff claims that she attempted to fill her prescription at with Chateau who "refused to provide plaintiff with Gengraf and required plaintiff to accept a different brand, EON Cyclosporine as a substitute for Gengraf" (Rec. Doc. 108). Plaintiff contends that, as a result of this alleged negligence of Chateau, plaintiff began to suffer liver problems. Plaintiffs

did not bring their complaint against Chateau to a medical review board under Louisiana's Medical Malpractice Act (MMA). LA. REV. STAT. ANN. § 40:1299.41 *et seq*. Defendant Chateau is now moving to dismiss the case against it for failure to bring it before a medical review board. The motion is opposed by co-defendants Tenet Choices (Tenet)[1] and Walgreens Health Initiatives (WHI).

**DISCUSSION**

The Louisiana Legislature passed the MMA in 1975. The Act requires that before any "action against a health care provider . . . may be commenced in any court" the claim must be "presented to a medical review panel." LA. REV. STAT. ANN. § 40:1299.47(B)(1)(a)(i). The Act provides that only malpractice claims against health care providers must be submitted to the medical review board. *Id.*

The parties do not dispute that as a pharmacy, Chateau is a "health care provider" as defined by the act. LA. REV. STAT. ANN. § 40:1229.41(A)(1). However, submission of plaintiff's claim to a

---

[1] Tenet has filed a Cross Claim against Chateau seeking contribution and indemnification for any damages that may be awarded against Tenet. Today's decision only relates to Chateau's motion to dismiss the Plaintiff's claims against it, and not Tenet's claims. This Court's dismissal of Plaintiff's claims against Chateau does not defeat Tenet's claims against Chateau. *See Deauville Corp. v. Garden Suburbs Golf & Country Club*, 165 F.2d 431, 432 (5th Cir. 1948); *accord Heiser v. Ass'n of Apartment Owners of Polo Beach Club*, 848 F. Supp. 1482 (D. Haw. 1993); *Slotkin v. Brookdale Hosp. Ctr.*, 377 F. Supp. 275 (S.D.N.Y. 1974).

2

medical review board is only required for acts that amount to "malpractice." *See Furlow v. Woodlawn Manor, Inc.*, 900 So. 2d 336, 339 (La. App. 2 Cir. 2005). "Malpractice" is defined by the Act as follows:

> "Malpractice" means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from acts or omissions during the procurement of blood or blood components, in the training or supervision of health care providers, or from defects in blood, tissue, transplants, drugs, and medicines, or from defects in or failures of prosthetic devices implanted in or used on or in the person of a patient.
>
> LA. REV. STAT. ANN. § 40:1299.41(A)(8).

Louisiana Courts have recognized that this definition of malpractice can be ambiguous and susceptible to differing interpretations. *See Hutchison v. Patel*, 637 So. 2d 415, 421 (La. 1994). Recently, the Louisiana Supreme Court developed a

six factor test for determining when an action is a "malpractice" action as defined by the statute.  The factors are:

> (1) Whether the particular wrong is treatment related or caused by a dereliction of professional skill;
>
> (2) Whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached;
>
> (3)  Whether the pertinent act or omission involved assessment of the patient's condition;
>
> (4) Whether an incident occurred in the context of a physician-patient relationship, or was within the scope of activities which a hospital is licensed to perform;
>
> (5) Whether the injury would have occurred if the patient had not sought treatment; and
>
> (6) Whether the tort alleged was intentional.
>
> *Coleman v. Deano*, 813 So. 2d 303, 315-16 (La. 2002).

Chateau claims that the actions that the plaintiff complains of amount to malpractice.[2]  WHI and Tenet claim that this is really an insurance claim and that the suit is about the fact

---

[2]Louisiana jurisprudence has held that an action against a pharmacist who incorrectly filled a prescription is malpractice and therefore the formalities of the MMA must be followed.  See *Holmes v. Lee*, 795 So. 2d 1232, 1235 (La. App. 2 Cir. 2001)  In *Holmes*, the court held that "an action against a pharmacist concerning an alleged incorrect filling of a prescription - a provision of professional services - is subject to the [MMA]."

that Chateau would not be reimbursed for the full amount if they supplied the brand name drug.

Applying the *Coleman* factors, it appears that Chateau is correct that Plaintiff's claim is one for malpractice as defined in Louisiana.

(1) <u>Whether the particular wrong is treatment related or caused by a dereliction of professional skill</u>

In this case, the wrong is treatment related, since the wrong complained of is providing medicine that allegedly hurt the plaintiff. The professional skill of a pharmacist is to dispense medicine, and therefore a claim that the medicine that was dispensed hurt the plaintiff is in fact a claim of the pharmacist's dereliction of his professional skill. *See Holmes*, 795 So. 2d at 1235.

(2) <u>Whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached</u>

In order to make their claim that the generic drug harmed the plaintiff in a way that the brand name would not, the plaintiffs will have to put on expert testimony about the

differences between the drugs.

### (3) Whether the pertinent act or omission involved assessment of the patient's condition

The deposition of Dodie Clark cited by Tenet and WHI provides that after Chateau learned it would not be reimbursed for the brand name drug, they contacted plaintiff's physician, and the physician determined that the generic drug could be substituted. (Rec. Doc. 122) This indicates that the act to substitute drugs was made in consideration of the plaintiff's condition at the time.  Therefore it does appear that there was some assessment of the plaintiff's condition at the time of the switching of the drugs.

### (4) Whether an incident occurred in the context of a physician-patient relationship, or was within the scope of activities which a hospital is licensed to perform

The basis of the claim against Chateau is that Chateau gave the plaintiff generic drugs, and that the brand name drugs would not have made the plaintiff sick.  This is clearly within the context of the pharmacist-patient relationship; such relationship

consisting of a patient asking the pharmacist to fill a prescription, and the pharmacist doing so.

### (5) Whether the injury would have occurred if the patient had not sought treatment

The entire basis for the claim by the plaintiffs is that if the brand name drug had been dispensed, there would not have been injury to the plaintiff.  Of course if she had not sought treatment at all, she might still have been injured - her body might still have rejected the liver.  However, the basis of the claim is that if the plaintiff had been given the brand name drug, then her body would not have rejected the liver.

### (6) Whether the tort alleged was intentional

There has been no claim that the basis for the plaintiffs suit is anything other than negligence.  Negligence is an unintentional tort, and not an intentional one.  Therefore the tort alleged was unintentional.

Using the factors above, plaintiffs clearly assert an action that falls under the MMA, and therefore Plaintiff's action

against Chateau must be dismissed for failure to comply with the MMA.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant Giuffria, Inc. d/b/a Chateau Drugs' ("Chateau") Motion to Dismiss For Failure to State a Claim upon Which Relief Can Be Granted (Rec. Doc. 115) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Claims against Defendant Giuffria are **DISMISSED**.

New Orleans, Louisiana this the 6th day of July, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE